# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

$1,612.00 IN UNITED STATES CURRENCY,

GLOCK PISTOL, MODEL 22, 9MM,
SERIAL NUMBER AEZ977,

EXTENDED 9MM MAGAZINE,

  and

EIGHT (8) ROUNDS OF 9MM BLAZER AMMUNITION,

    *Defendants-in-rem.*

Civ. No. 20-996

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 922(g) that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 924(d)(1).

### DEFENDANTS-*IN-REM*

2. The defendants-in-rem consist of the following:

1

      i. One Thousand Six Hundred and Twelve Dollars ($1,612.00) in United States Currency (hereafter referred to as "Defendant Currency"),

     ii. Glock Pistol, Model 22, 9mm, Serial Number AEZ977,

    iii. Extended 9mm Magazine, and

    iv. Eight (8) Rounds of 9mm Blazer Ammunition (hereafter referred to as "Defendant Firearm and Ammunition").

3. Defendant Currency and Defendant Firearm and Ammunition were seized by the Silver City Police Department on August 24, 2017, in the District of New Mexico.

4. Custody of Defendant Currency and Defendant Firearm and Ammunition was subsequently transferred to U.S. Homeland Security Investigations.

5. Defendant Currency and Defendant Firearm and Ammunition are now, and during the pendency of this action will be, in the jurisdiction of this Court.

### JURISDICTION AND VENUE

6. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

7. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

### FACTS

8. On August 25, 2017, at approximately 8:46 PM, Silver City Police Department Officer ("SCPDO") Tim Tavison and U.S. Homeland Security Investigations ("HSI") Task Force Officer ("TFO") Luke De La Garza were assigned to a special detail operation with the

Border Drug Task Force ("BDTF").  TFO De La Garza and SCPDO Tavison were both in uniform utilizing a K9 police emergency vehicle.

9. While conducting this special detail in Silver City, New Mexico, SCPDO Tavison and TFO De La Garza observed a black in color Chevrolet Cruze, bearing New Mexico License plates 960SGA, commit several traffic violations.  TFO De La Garza activated the emergency equipment on his unit and conducted a traffic stop of the black Chevrolet Cruze.

10. TFO De La Garza identified the vehicle operator and sole occupant as Levi Michael Sifuentes.

11. TFO De La Garza utilized his assigned narcotics canine, Laikka, to conduct a narcotics canine sniff of the exterior of the vehicle.  TFO De La Garza observed Laikka alert to the presence of an odor she is trained to detect on the driver's side of the vehicle.

12. SCPDO Tavison contacted the Grant County District Attorney's Office in order to obtain approval for a search warrant for the vehicle.  A search warrant was then presented to a New Mexico state judge.  While officers awaited the result of the warrant application, the vehicle was towed, under escort, to the Silver City Police Department.

13. After obtaining the search warrant, the vehicle was searched.  During the search, officers discovered four plastic bags that were found to contain a black, tar-like substance.  A Nark II #11 test kit was utilized on the tar-like substance, which produced a presumptive positive result for properties of heroin.

14. Officers discovered several more plastic bags that contained a white powder-like substance.  A Nark II #7 test kit was utilized on the white powdery substance, which produced a presumptive positive result for the properties of cocaine.

15. Officers also discovered packaging material (additional empty plastic bags), a digital scale, and a plastic tube container. The tube container was discovered to contain a green leafy substance. A Nark II #5 test kit was utilized on the green leafy substance, which produced a presumptive positive result for the properties of marijuana.

16. Officers recovered a Glock model 22 pistol (Serial# AEZ977) with an extended capacity magazine and eight rounds of 9mm ammunition from a pocket behind the front passenger seat (Defendant Firearm and Ammunition). The Glock Model 22 was modified with an aftermarket barrel converting it from .40 caliber to 9mm.

17. Officers also found a large amount of United States currency (Defendant Currency) in a mesh pocket on the front of the driver's seat. The currency totaled $1612.00. Officers seized this currency as proceeds from the sale of heroin and other narcotics.

18. Silver City Police Department took custody of all seized items and stored them in the department's evidence storage room.

19. On September 18, 2017, SCPDO Richard Flores and SCPDO Tavison advised Sifuentes of his Miranda rights, and after Sifuentes waived the same, questioned him regarding the items seized from the vehicle.

20. During questioning, Sifuentes admitted to knowingly possessing the narcotics in the vehicle.

21. Sifuentes stated that the Glock handgun was given to him and that it was his. Sifuentes further stated that he was aware he was not supposed to possess a firearm since he was a felon.

22. Sifuentes was questioned as to where the $1,612.00 in currency came from, but gave no explanation. Sifuentes later claimed during a separate interview that the $1,612.00 was

4

money he was paid from construction work.  HSI special agents subpoenaed State of New Mexico Workforce Solutions records for 2017, which showed that Sifuentes had been unemployed since April 2017, and reported no income to the state of New Mexico.  During the same follow-up interview, Sifuentes admitted to selling heroin for income in the same time frame as his arrest by BDTF officers in August 2017.

## FIRST CLAIM FOR RELIEF

23. The United States incorporates by reference the allegations in paragraphs 1 through 22 as though fully set forth.

24. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

25. Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

26. The United States incorporates by reference the allegations in paragraphs 1 through 22 as though fully set forth.

27. 18 U.S.C. § 924(d)(1) subjects to forfeiture any firearm or ammunition involved in or used in any knowing violation of section 922(g).

28. Defendant Firearms and Ammunition are subject to arrest and forfeiture to plaintiff under 18 U.S.C. § 924(d)(1) because the property was involved in or used in knowing violation of 18 U.S.C. § 922(g)(1).

### CONCLUSION AND PRAYER

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and Defendant Firearm and Ammunition and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to Defendant Currency and Defendant Firearm and Ammunition, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

STEPHEN R. KOTZ
KRISTOPHER DALE JARVIS
Assistant U.S. Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations, who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 09/28/2020

_____
Dominic Magaletti, Special Agent
U.S. Homeland Security Investigation